## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORY WHITE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-0444** |
| **ISSAC BROWN** | **SECTION "C"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely .

## PROCEDURAL HISTORY

On September 2, 2003, petitioner, Cory White, a prisoner incarcerated in Morehouse Parish Detention Center in Collinston, Louisiana, was charged by bill of information with

distribution of cocaine.[1]  On May 25, 2004, following trial by jury in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, petitioner was found guilty as charged.[2] On August 6, 2004, petitioner was sentenced to a term of imprisonment of 20 years with credit for time served and with the first two years of petitioner's sentence to be served without benefit of parole, probation, or suspension of sentence.[3]  On that same date, the State filed a multiple bill against petitioner.  On May 31, 2005, following a multiple offender hearing, petitioner was found to be a multiple offender and was re-sentenced to 20 years incarceration without benefit of parole, probation or suspension of sentence.[4]  Thereafter, petitioner had thirty (30) days within which to file a motion for an appeal in connection with his conviction and sentence.  *See* La. Code Crim. P. art. 914.  Petitioner, however, made no effort to seek a direct appeal.  As such, petitioner's conviction and sentence were rendered final on June 30, 2005, after the thirty (30) days available to lodge an appeal expired.  *See State v. Francois*, 945 So.2d 865, 870-871 (La. App. 3 Cir. 2006).

      While petitioner did not seek review of his conviction or sentence through either an appeal or post-conviction, beginning on July 1, 2005, petitioner filed a series of requests for

---

[1]A copy of petitioner's bill of information is contained in the State rec., vol. 1 of 1.

[2]A copy of the trial minutes is contained in the State rec., vol. 1 of 1.

[3]A copy of the sentencing minutes is contained in the State rec., vol. 1 of 1.

[4]A copy of the minutes of the multiple offender adjudication is contained in the State rec., vol. 1 of 1.

2

public documents, many of which were inapplicable to his case as they sought copies of non-existent *Boykin* transcripts.[5]  As the state district court, in its August 1, 2007 Order, observed: "[Petitioner] admitted neither the original sentence nor the habitual offender bill.  No Waiver of Constitutional Rights form appears in the record.  Contrary to the assertions made to this court, [petitioner] exercised his right to trial on both occasions." *State v. White*, No. 03-5566 (24th Judicial District Court, August 1, 2007) (unpublished opinion).[6]

On October 6, 2008, petitioner filed a "Motion for Production of Trial Transcripts [and] Sentencing Transcripts Verbatim Copy(s)".[7]  On October 20, 2008, the state district court denied petitioner's motion, providing, in part, that "this court denies [petitioner's] request for a free trial transcript because the limitation period of La.C.Cr.P. art. 930.8 has expired and the [petitioner] has not shown that the application [for post-conviction relief] would satisfy any exception to the prescriptive period.  The [petitioner] makes no showing of particularized need." *State v. White*, No. 03-5566 (24th Judicial District Court, October 20, 2008) (unpublished opinion).[8]

---

[5]Copies of these requests are contained in the State rec., vol. 1 of 1.

[6]A copy of the district court's unpublished August 1, 2007 Order is contained in the State rec., vol. 1 of 1.

[7]A copy of petitioner's October 6, 2008 motion is contained in the State rec., vol. 1 of 1.

[8]A copy of the district court's unpublished October 20, 2008 Order is contained in the State rec., vol. 1 of 1.

Petitioner did not seek relief from the district court's October 20, 2008 adverse decision, but rather, on February 7, 2011, filed the instant federal habeas corpus application.[9] In its response (rec. doc. 12), the State contends that petitioner's habeas application is subject to dismissal because it is untimely and, alternatively, because petitioner has failed to exhaust his state court remedies as required under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). For the following reasons, the court finds the instant action to be time-barred.[10]

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[11] *See* 28 U.S.C. § 2244(d)(1) (West 2011), as amended by the AEDPA, P.L. 104-132, 110 Stat.

---

[9]This February 7, 2011 filing date was ascertained via the court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Petitioner dated his signature on the application on February 7, 2011. As such, this date is the earliest date on which petitioner could have submitted his pleadings to prison officials for mailing.

[10]This court need not address the State's alternative exhaustion argument in light of the court's determination that the above-captioned matter is subject to dismissal as untimely.

[11]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

1220.  In this case, because petitioner's time for seeking review expired June 30, 2005, his one-year limitation period commenced running on that date, giving him until June 30, 2006, to timely seek habeas corpus relief.

As noted above, petitioner did not file the instant action until February 7, 2011, close to five years after his expiration date.  Thus, petitioner's federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The only pleadings petitioner had pending in the state court system during his one-year limitation period were motions seeking the production of documents.  Such filings, however, did not toll the running of petitioner's one-year statute of limitations.  See Boyd v. Ward, 2001 WL 533221, *4 (E.D. La. 2001) ("Although Boyd had, in the interim, litigated his entitlement to a free copy of his guilty plea and sentencing transcript through the state court system, the Court does not believe that those proceedings qualify as '. . . application[s] for State post-conviction or other collateral review . . .' so as to toll the limitation period under §2244(d)(2) because they were preliminary in nature and did not directly call into question the validity of Boyd's conviction or sentences.")  See also Brisbon v. Cain, 2000

WL 45872, *2 (E.D. La. 2000). As such, the instant action appears to be time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), quoting *Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Petitioner offers no basis for equitably tolling prescription nor has this court's review of the record uncovered any such basis. Accordingly;

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Cory White be dismissed with prejudice as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[12]

New Orleans, Louisiana, this ___11th__ day of _____July_____, 2011.

LOUIS MOORE, JR.
United States Magistrate Judge

---

[12]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.

7